2-10-12
KLG

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FILED IN OPEN COURT.
OCALA, FLORIDA

FEB 16 2012

U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.  CASE NO. 5:11-cr-27-Oc-31TBS

CHRISTOPHER J. ALBRITTON

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, CHRISTOPHER J. ALBRITTON, and the attorney for the defendant, Gilbert Schaffnit, Esq., mutually agree as follows:

A.  **Particularized Terms**

   1.  **Count Pleading To**

       The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with attempting, using a facility and means of interstate commerce, to persuade, induce, entice, and coerce an individual who has not attained the age of 18 years to engage in a sexual activity for which any person could be charged with a criminal offense under the laws of the State of Florida, in violation of 18 U.S.C. § 2422(b).

   2.  **Minimum and Maximum Penalties**

       Count One is punishable by a mandatory minimum term of imprisonment of ten (10) years up to life imprisonment, a fine of $250,000, a term of supervised

Defendant's Initials  CJA                                   AF Approval  _____

release of not less than five (5) years up to life, and a special assessment of $100, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First</u>: That the Defendant knowingly used a computer or cell phone to attempt to persuade, induce, and entice and individual under the age of eighteen (18) to engage in sexual activity, as charged;

<u>Second</u>: That the defendant believed that such individual was less than eighteen (18) years of age;

<u>Third</u>: That if the sexual activity had occurred, the Defendent could have been charged with a criminal offense under the law of Florida; and

<u>Fourth</u>: That the Defendant acted knowingly and willfully.

4. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials _CJA_     2

5. <u>Acceptance of Responsibility</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

6. <u>Low End</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court,

Defendant's Initials  *CJA*

3

and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

7. Cooperation - Responsibilities of Parties

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of

Defendant's Initials  CJA

4

the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3) The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4) The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth

Defendant's Initials _CJA_

5

in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

8. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2428, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

Defendant's Initials  CJA

6

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this

Defendant's Initials __CJA__                                 7

clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

9. Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. § 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he/she has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he/she has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he/she is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of the following items seized by law enforcement officers on April 13, 2011: (a) cell phone [black iphone; model A1241]; (b) HP mini laptop [S/N CNU9141KZQ]; (c)

Defendant's Initials _CJA_    8

Apple ipad [S/N DLXFH670DJHH]; (d) Toshiba Satellite laptop computer [model M645-S4110, S/N 2B316009K]; (e) Toshiba 1TB external hard drive [S/N 50BCF2UESKM5]; and (f) Toshiba 500GB external hard drive [S/N Y80DF1X6SF55].

10. Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

B. **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to

Defendant's Initials _CJA_       9

18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement,

Defendant's Initials __CJA__                    10

an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _CJA_     11

5. Defendant's Waiver of Right to Appeal and
Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials _CJA_   12

8.  <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of

Defendant's Initials  _CJA_                              13

certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

### FACTS

In March, 2011, Detective Dodi Pruitt of the Citrus County Sheriff's Office (CCSO) was assisting the Sumter County Sheriff's Office with an undercover operation that targeted individuals who used the internet to try and meet and have sex with minors. As part of that operation, on March 17, 2011, Detective Pruitt posted an advertisement on a Craigslist website that stated:

> Single mom+1 looking for family fun - w4m - 37 (Wildwood)
> Single Mom and yung 1 looking for family fun. Only serious interests please . . .

The above advertisement was posted at 8:19 p.m. At 8:51 p.m., Craigslist forwarded the following response to the above advertisement that was received from "scuba_frog21@yahoo.com":

> Hi how are you? 32 white male here. Clean cut and d/d free. Very very open minded and looking for family fun. Comfortable with any idea and very sexual. Up for anything and respectful of boundaries. Hwp and good looking. Can host or travel. If interested please let me know. Here's a pic may I see yours?

A photograph of Christopher J. Albritton was attached to the above email. In response to the email from Albritton, Detective Pruitt, using the UC email address "Jinny

Defendant's Initials   CJA

14

Davis<jinnygurl@yahoo.com>", sent the following email to Albritton's "scuba_frog21@yahoo.com" email address at 8:59 p.m.:

> You are hot! We wud love to play with you. I want to be up front and let you know Jess is 14yo and we have done this before. Are we something you would be interested in?

Albritton responded and sent the following email at 9:12 p.m.:

> Hey thanks for the quick reply. So what all are you into and want to do? When are you looking to do this? Also do you have any questions for me? May I see a pic?

At 9:45 p.m., Detective Pruitt sent a short email, saying "Here's us," and attached a picture of "Jinny" (Detective Pruitt), and a picture of what was purported to be her 14 year old daughter, "Jess." The picture of "Jess" was actually an old picture of a CCSO employee Jessica Lane taken when she was 13 or 14 years old.

While the above emails were being sent, Albritton began exchanging instant messages with Detective Pruitt (over "Yahoo Messenger"), which included the following messages:

| | | |
|---|---|---|
| scuba_frog21 (9:38:08 p.m.): | | I see that's cool. Well I'm definitely from out of town lol. What all are you wanting to do? Just like a 3some or some kind of role-play or what? I ask cause you worded it as "family fun" |
| jinnygurl (9:40:29 p.m.): | | the family fun part was me and my daughter playing together. We would like a threesome, to please a guy together. Never thought about role play but that would be interesting. Jess my 14yo said she wants to be with a stranger, I think that might be role play enough even though it's real. |

. . . .

| | | |
|---|---|---|
| scuba_frog21 (9:57:38 p.m.): | | Am I having sex with both of you or is this mainly about her this time? |

Defendant's Initials _CJA_             15

      scuba_frog21 (9:57:43 p.m.):   I'm ok with either

Albritton and Det. Pruitt discussed meeting the next day (March 18), but Albritton could not arrange to leave early enough in the day for an operation to take place. Due to Detective Pruitt's schedule, the meeting had to take place either on March 18 or in April. Therefore, Detective Pruitt told Albritton that she would be in California, but left it open as to the possibility of getting together at some later time. During the instant message exchanges, Detective Pruitt and Albritton exchanged telephone numbers so that text messages could be exchanged, and most of the subsequent communication took place through text messaging. Such messaging included a substantial amount of discussion regarding anticipated sexual activities, including messages from Albritton using very graphic language regarding the sexual activities he was expecting to have with what he believed was the fourteen year old "Jess."

On April 1, 5, and 10, Albritton sent emails to Detective Pruitt to let her know that he was still interested in meeting. Detective Pruitt responded on April 11, saying: "Hey! We'll b back tomorrow. Still wanna cum play with us?" After that response, the text exchanges began again. As before, in addition to arranging for a meeting, the text messaging included a large volume of exchanges regarding anticipated sexual activity. At one point Detective Pruitt pretended to be the 14 year old daughter, "Jess." Following Albritton's description of sexual activity he suggested having with "Jess," the following exchange text messages took place:

    Det. Pruitt (Apr. 11, 9:19 pm):   Hi this is jess! Im pu 4 tryin that as long as it don't hert

    Albritton (Apr. 11, 9:21):   Ok no problem. We can take our time

Defendant's Initials __CJA__            16

| | |
|---|---|
| Det. Pruitt (Apr. 11, 9:22 pm): | K that wud b good mom sed u might b able to com c us when we get bak |
| Albritton (Apr. 11, 9:23 pm): | Yes I'm working on it as long as my schedule lines up |
| Albritton (Apr. 11, 9:38 p.m.): | Ah ok. Would you like to try being on top and riding? |
| Det. Pruitt (Apr. 11, 9:38 pm): | I cud do that. Is that ur fav |
| Albritton (Apr. 11, 9:52 p.m.): | Yes but I like it all. So anything you have wondered about I'm up for. Do you like a guy giving you oral? |

Det. Pruitt and Albritton agreed to meet on April 13, and she gave the address of a house located in Inverness (in Citrus County). The texting continued, and, as Albritton was about to leave from Jacksonville, he sent a text in which he mentioned a desire he had previously expressed for "Jess" to be wearing a towel when he arrived:

| | |
|---|---|
| Albritton (Apr. 13, 3:48 p.m.): | That would be cool. Did you wanna do like we talked about before? With her answering the door already in a towel and letting me in then helping me undress, then we start? |

As Albritton got near to the house, he called and spoke with Det. Pruitt, letting her know where he was. During the call, he again mentioned towels: "I guess you guys going to do the towel thing, I guess?"

When Albritton came to the door of the house, he was arrested. He subsequently agreed to be interviewed and gave a post-Miranda statement. During the interview, Albritton acknowledged his email address, the email exchange of pictures, and a number of the text messages. Albritton claimed that he was driven by curiosity. He asked if it would make a difference if he could prove that he wasn't going to actually go through with it, although he wasn't specific. He had condoms in his pocket when he

Defendant's Initials  CJA

17

was arrested, but he claimed that the condoms were for another encounter he was planning to have with an older woman.

When Albritton was arrested, the computers, cell phone, and computer items identified in this plea agreement were found in his vehicle.

Under Florida Statute § 800.04(4), it is a felony offense where a person: "(a) Engages in sexual activity with a person 12 years of age or older but less than 16 years of age; or (b) Encourages, forces, or entices any person less than 16 years of age to engage in . . . any . . . act involving sexual activity."

10.  Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _CJA_                    18

11. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 16th day of February, 2012.

|  |  |
|---|---|
|  | ROBERT E. O'NEILL<br>United States Attorney |
| *(signature)*<br>CHRISTOPHER J. ALBRITTON<br>Defendant | By: *(signature)*<br>Samuel D. Armstrong<br>Assistant United States Attorney |
| *(signature)*<br>Gilbert Schaffnit<br>Attorney for Defendant | *(signature)* FOR<br>Karen Gable<br>Assistant United States Attorney<br>Deputy Criminal Chief |

Defendant's Initials CJA                    19